# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER TOMASZEWICZ<br>425 Wading River Road<br>Manorville, NY 11949<br><br>        Plaintiff,<br><br>    v.<br><br>JASON CAMILLO<br>30 S 15th Street, Suite 1550<br>Philadelphia, PA 19102<br><br>        Defendant. | Case Number:<br><br>**COMPLAINT**<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

AND NOW COMES the Plaintiff, CHRISTOPHER TOMASZEWICZ, by and through his counsel, Chaffin Luhana LLP, and files the within action against Defendant, JASON CAMILLO, and in support thereof avers as follows:

### PARTIES

1. Plaintiff, CHRISTOPHER TOMASZEWICZ, is a competent adult individual, currently residing at 425 Wading River Road, Manorville, NY 11949.

2. At all times relevant hereto, Plaintiff was the owner and operator of a 2016 Mazda 3 ("Plaintiff's Vehicle").

3. Defendant, JASON CAMILLO, is a competent adult individual, currently residing at 30 S 15th Street, Suite 1550, Philadelphia, Pennsylvania 19102.

4. At all times relevant hereto, Defendant was the owner and operator of a 2021 Subaru Crosstek ("Defendant's Vehicle").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship between the parties, and the amount in controversy exceeding $75,000.00 (seventy-five thousand dollars) exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as the crash occurred in this district.

## COUNT I- NEGLIGENCE
### (CHRISTOPHER TOMASZEWICZ v. JASON CAMILLO)

7. Plaintiff incorporates all of the above paragraphs as if fully set forth herein at length.

8. On June 28, 2022, at approximately 12:24 p.m., Plaintiff was driving north on State Route 36 Charger Highway towards its intersection with Chimney Rocks Road, State Route 2016 in Blair County, Pennsylvania.

9. At the same time, Defendant, JASON CAMILLO, was travelling east on Chimney Rocks Road, State Route 2016, approaching a stop sign at its intersection with State Route 36, Charger Highway.

10. As Plaintiff proceeded through the intersection for which he had the right-of-way, Defendant, JASON CAMILLO, drove past the stop sign and into the intersection, causing an unavoidable collision with Plaintiff's vehicle.

11. Plaintiff's damages and injuries are the direct and proximate result of Defendant, JASON CAMILLO's, negligence in the following particulars:

   a. Failing to yield the right-of-way to Plaintiff's vehicle through the intersection;

   b. Failing to ensure the intersection was and would be clear of other vehicles before proceeding into the intersection;

c. Operating his vehicle into the vehicle occupied by the Plaintiff;

d. Operating his vehicle into an area occupied by another vehicle, namely that of Plaintiff;

e. Failing to keep and maintain proper and adequate lookout for other traffic on the roadway;

f. In failing to turn his vehicle aside or take other appropriate and/or evasive action so that the collision with the vehicle occupied by Plaintiff could be avoided;

g. In failing to observe the vehicle occupied by Plaintiff;

h. In failing to warn, honk, signal, flash her lights, or in any other way notify the Plaintiff of an impending collision;

i. Driving while distracted;

j. Operating his vehicle without due regard for the rights, safety, and position of the Plaintiff;

k. Operating his vehicle so as to bring it into sudden, forcible contact with Plaintiff;

l. Failure to maneuver his vehicle so as to avoid an impact;

m. Failure to maintain adequate control over his vehicle;

n. Failing to operate his vehicle in a safe manner given the topography, weather, lighting, traffic, and road conditions then and there existing;

o. Failing to operate his vehicle in a safe physical condition;

p. Failing to keep his vehicle in safe operating condition and free of mechanical defects;

q. Failing to take all reasonable measures to avoid the collision with the vehicle operated by Plaintiff;

r. Operating his vehicle with careless disregard for the safety of others in violation of state law, including, but not limited to, 75 Pa.C.S.A. §§ 3323 and 3714; and

s. Failure to obey the rules of the road and the statutes of the Commonwealth of Pennsylvania about her vehicle on the highways and roadways of the

        Commonwealth.

12. As a direct and proximate result of Defendant, JASON CAMILLO's, negligence Plaintiff sustained the following injuries, some or all of the results of which are ongoing and may be permanent in nature:

    a. Concussion;

    b. Axonal shearing of the brain;

    c. Tinnitus of the left ear;

    d. Hearing loss of left ear;

    e. Left ear sensitivity;

    f. Left ear pain;

    g. Cervical strain/sprain;

    h. Neck pain;

    i. Headaches;

    j. Thoracic myofascial strain; and

    k. Other injuries as detailed in the medical records.

13. Due to the aforesaid injuries, Plaintiff has been economically damaged as follows:

    a. Plaintiff has been required to expend and will be required to expend sums of money for medical treatment and surgery;

    b. Plaintiff has unpaid medical bills;

    c. Plaintiff has lost wages;

    d. Plaintiff has lost earning capacity;

    e. Plaintiff has been required to expend and will be required to expend sums of money for counseling due to the traumatic nature of the event;

    f. Plaintiff will have future medical bills; and

    g. Any other future economic loss which may become known.

14. In addition to economic loss, Defendant remains liable to Plaintiff herein for non-economic loss pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law and by reason of 75 Pa. C.S.A. 1705.

15. As a further result of this accident, Plaintiff has suffered severe physical pain, mental anguish, loss of enjoyment of life, emotional distress, loss of vitality, vigor, health and/or strength and may continue to suffer for an indefinite time into the future including the following:

   a. Plaintiff suffered, and continues to suffer on a daily basis, physical pain as a result of the aforementioned injuries;

   b. Plaintiff suffered, and continues to suffer, emotional distress as a result of the trauma of the accident;

   c. Plaintiff suffered, and continues to suffer the inability to perform basic daily activities; and

   d. Plaintiff suffered, and continues to suffer, disfigurement, scarring and the inability to perform basic daily activities.

16. As a result, Defendant, JASON CAMILLO, failed to satisfy the required duty of care, and is liable to Plaintiff for the injuries and damages that Plaintiff sustained.

WHEREFORE, Plaintiff, CHRISTOPHER TOMASZEWICZ, prays for judgment against Defendant, JASON CAMILLO, in compensatory damages, in an amount in excess of minimum jurisdictional limits, exclusive of interest, allowable costs of this suit, and such other damages as this Honorable Court deems just and proper, which will compensate Plaintiff for sustained injuries.

**JURY TRIAL DEMANDED**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

    a. Awarding actual damages to Plaintiff in an amount to be determined at trial;

    b. Awarding pre-judgment and post-judgment interest to the Plaintiff; and

    c. Granting all such other relief as the Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by Jury on all Counts and all issues.

    Respectfully submitted,

By: */s/ Justin Joseph*
Justin Joseph, Esq. (PA Bar No. 311145)
Patrick Booth, Esq. (PA Bar No. 202200)
Eric Chaffin, Esq. (PA Bar No. 78725)
CHAFFIN LUHANA LLP
615 Iron City Drive
Pittsburgh, PA 15205
(888) 480-1123

## VERIFICATION

      I, CHRISTOPHER TOMASZEWICZ, verify that the statements made in the COMPLAINT are true and correct to the best of my knowledge. I further understand that I make this verification subject to the penalties of 18 Pa.C.S.A. §4904, related to unsworn falsification to authorities.

4/4/2024 | 11:35 AM EDT
_____
Dated

_____
CHRISTOPHER TOMASZEWICZ